**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER JOSEPH CARR,<br><br>    Petitioner,<br><br>  vs.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>    Respondent.<br>_____/ | No. CIV S-09-1296-JAM-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner is a pretrial detainee at the Sacramento County Jail. He has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

       In his petition, Petitioner makes it clear that he is currently in custody awaiting re-trial in state court. He is complaining about the process by which the state court is handling his trial. Specifically, Petitioner complains about being re-tried after a jury hung in his previous trial. He also complains about not being offered a plea bargain, his co-defendants have been

found not guilty, and his pro se motions are being denied.[1]

28 U.S.C. § 2254(a) provides this court jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Petitioner makes it clear that he is not challenging a conviction, but rather the state proceedings related to a trial.

The court, for screening purposes, will therefore construe this petition to have been brought pursuant to 28 U.S.C. § 2241, the general habeas statute.  See White v. Lamberst, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing pretrial detention as an example of when § 2241 applies).  Section 2241 provides this court with jurisdiction over a writ of habeas corpus filed by a person who is in custody but not yet convicted or sentenced.  See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).  However, principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found.  See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); See also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).  The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable

---

[1] Petitioner's petition also references a writ of mandate.  To the extent he is requesting a writ of mandamus pursuant to 28 U.S.C. § 1361, this court's jurisdiction to issue such writ is limited, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Therefore, if Petitioner is requesting this court issue a writ of mandamus directing the state court to perform some act, this court is without jurisdiction to issue such a writ.

injury can be shown.  Carden, 626 F.2d at 84.

Petitioner's allegations that he is facing retrial following a hung jury, is not being offered a plea bargain, and the trial court is denying his pro se motions, do not appear to present potential special circumstances.  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other extraordinary circumstances where irreparable injury can be show, is preconviction federal intervention against pending state prosecutions appropriate.  Id. (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

The undersigned finds that Petitioner has failed to allege whether he has exhausted these claims in state court, and that his allegations do not support a finding of special circumstances sufficient to warrant federal intervention.  The alleged problems that Petitioner claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE